# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

*ORIGINAL*

### CIVIL MINUTES - GENERAL

| Case No: | CV 07-1415 PSG (AJWx) | Date | June 12, 2007 |
|---|---|---|---|
| Title | Lee v. Merrick Bank N.A., et al. | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Defendant Capital One's Motion to Dismiss or For More Definite Statement**

Before this Court is Defendant Capital One's Motion to Dismiss or for More Definite Statement. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

JUN 1 4 2007

005

## I.   BACKGROUND

Eun J. Lee ("Plaintiff") has brought a lawsuit against Capital One Bank, N.A. ("Capital One") and several other companies (collectively "Defendants"). Plaintiff is representing himself in pro per and initially filed his lawsuit in Los Angeles Superior Court on October 16, 2006. (Complaint, p. 1.) He then filed a First Amended Complaint ("FAC") in Los Angeles Superior Court on December 8, 2006. (FAC, p. 1.) Then, on March 2, 2007, Capital One removed the action to this Court. (Notice of Removal, p. 1.) On the first page of his FAC, Plaintiff indicates that his lawsuit involves one cause of action for "Unfair Debt Collection Practice." (FAC, p. 1.) However, Plaintiff's FAC is not clearly written.

Plaintiff alleges that on March 5, 2005, Plaintiff applied for "numerous loans" that were denied. (FAC, ¶ 7.) Plaintiff alleges that the denials resulted from "numerous negative Credit reports" from the major credit reporting agencies indicating that Plaintiff has a "Collection account" and "Charge-Off Accounts" for the Defendants. (Id.) Plaintiff claims that the negative credit reports are erroneous. (FAC, ¶ 10.) Furthermore, Plaintiff alleges that his attempts to resolve the matter with Defendants have been ignored and that Defendants continue to harass him. (FAC, ¶ 11.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 07-1415 PSG (AJWx) | Date   June 12, 2007 |
| Title | Lee v. Merrick Bank N.A., et al. | |

Plaintiff appears to assert only one cause of action, his "First Cause of Action" for "Unfair Debt Collection Practice Against All Defendants." (FAC, p. 5, lines 2-3.) However, in his discussion of his "First Cause of Action," Plaintiff attempts to cite several statutes including (1) "Fair Credit Reporting Acts"; (2) "California Civil Code § 1747 et seq."; (3) "Civil Code § 1785 et seq."; (4) "Civil Code Section 1788.13(h)seq. and 1788.17 compliance with Federal Procedure 1629b to 16932k"; (5) "Civil Code Section 3294(c)(3)"; and (6) 15 U.S.C. Section 1681o. (FAC, ¶¶ 1 and 16-17 and p. 6 line 14.)

Capital One removed Plaintiff's FAC to this Court claiming that Plaintiff's FAC raises a federal question over which the Court has jurisdiction because Plaintiff cited to the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (Notice of Removal, ¶¶ 5-6.) Now, Capital One has brought a motion to dismiss Plaintiff's FAC or for More Definite Statement.

The Court GRANTS the Capital One's motion for More Definite Statement.

## II.  LEGAL STANDARD

### A.  FRCP 12(b)(6) - Failure to State a Claim on Which Relief Can be Granted

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") provides a mechanism for a party to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (internal citations omitted). The complaint must allege sufficient facts to raise a right to relief above the speculative level. See Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).

Also, in deciding a 12(b)(6) motion, a court must accept as true all factual allegations in the complaint, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), and views these allegations in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-1415 PSG (AJWx) | Date | June 12, 2007 |
| Title | Lee v. Merrick Bank N.A., et al. | | |

light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

> B.    FRCP 12(e) - Motion for More Definite Statement

FRCP 12(e) provides that:
> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. ... If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e).  Thus, under FRCP 12(e), a court may require a plaintiff to provide a more definite statement of its complaint if it is so vague or ambiguous that a defendant cannot reasonably be expected to answer it.

III.    DISCUSSION

> A.    Failure of Plaintiff to Oppose the Motion

Plaintiff has failed to oppose the motion as required by the local rules of this district.  Under Local Rule 7-9, "[e]ach opposing party shall, ... not later than fourteen (14) days before the date designated for the hearing of the motion ... serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto ... or (b) a written statement that the party will not oppose the motion."  Local R. 7-9 (emphasis added).  Instead of complying with the requirements of Local Rule 7-9, Plaintiff served opposition papers on Capital One without filing Plaintiff's opposition with the Court Clerk.  When Capital One's reply memorandum addressed Plaintiff's opposition, the Court Deputy inquired and found that Plaintiff had failed to file its opposition.  In response to the Court Deputy's inquiry, Plaintiff filed a late opposition, without the Court's permission, on June 8, 2007 even though Plaintiff's opposition had been due on May 29, 2007.[1]

---

[1] May 28, 2007 was a court holiday.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   CV 07-1415 PSG (AJWx)              Date   June 12, 2007

Title   Lee v. Merrick Bank N.A., et al.

---

Under Local Rule, 7-12, Plaintiff's failure to file an opposition can alone be sufficient reason to grant Capital One's motion to dismiss. That rule states that "[t]he Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local R. 7-12. Thus, while the Court can grant Capital One's motion to dismiss on this basis alone, there are other problems with Plaintiff's complaint. Plaintiff's complaint is so vaguely pled that the Court will require Plaintiff to refile his complaint with a more definite statement of his causes of action and the facts that support it.

    B.    Plaintiff's Failure to State His Claims Clearly

While under FRCP 8(a), a plaintiff is only required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), Plaintiff has failed to do that. The organization of Plaintiff's FAC seems to indicate that Plaintiff is only bringing a single cause of action for "Unfair Debt Collection Practices Against All Defendants," but Plaintiff also, seemingly randomly, cites to numerous state and federal statutes. Plaintiff's FAC does not clearly state under which statute or statutes, he brings causes of action(s). Therefore, Defendants cannot be sure what causes of action are pled that require their answers.

Another problem with Plaintiff's FAC is its failure to indicate what wrongful actions Defendants allegedly took. Plaintiff only claims that "all Defendants are herein has negligently and intentionally attempted to collect the frivolous debts from the Plaintiff and his family herein and has reported a frivolous Information to all major credit reporting bureau." (FAC, ¶ 15.) Plaintiff's conclusory allegation does not clearly indicate (1) what the frivolous debts are, (2) how each Defendant attempted to collect debts frivolously, and (3) why each defendant's action was illegal. Plaintiff also fails to provide any specific allegations regarding each defendant's alleged reporting to credit bureaus.

Furthermore, Plaintiff's FAC contains excessive typographical and grammatical errors that make it too difficult to understand. Defendants and the Court are left guessing at Plaintiff's intended meaning because of these errors, and Defendants cannot reasonably be expected to answer allegations that they cannot reasonably be expected to understand.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-1415 PSG (AJWx) | Date | June 12, 2007 |
| --- | --- | --- | --- |
| Title | Lee v. Merrick Bank N.A., et al. | | |

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Capital One's Motion for More Definite Statement. The Court orders Plaintiff to file a Second Amended Complaint that more clearly indicates (1) the facts that show each Defendant's wrongful actions that give rise to any cause of action Plaintiff brings, and (2) each cause of action that Plaintiff brings and the statute(s) that support it. Plaintiff is ordered to file his Second Amended Complaint by June 22, 2007.

Initials of Preparer      :