[ORIGINAL]

Priority — X
Send —
Enter —
Closed —
JS-5/JS-6 — X
JS-2/JS-3 —
Scan Only —

DOCKETED ON CM
AUG 21 2007
BY _____ 053

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 07-1415 PSG (AJWx) |
| | Date: August 20, 2007 |
| Title | Lee v. Merrick Bank, et al. |

**Present:** The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):    Attorneys Present for Defendant(s):

Not Present    Not Present

**Proceedings:** (In Chambers) Defendant Capital One Bank's Motion to Dismiss Second Amended Complaint Pursuant to FRCP 12(b)(6)

Before this Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to FRCP 12(b)(6). The Court finds the matter appropriate without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the hearing set for August 6, 2007 was taken under submission and off calendar. After a full consideration of the submitted pleadings, the Court now GRANTS Defendant's Motion.

I.    BACKGROUND

Eun J. Lee ("Plaintiff"), representing himself *pro se*, has brought a lawsuit against Capital One Bank, N.A. ("Capital One"), Merrick Bank, Bank of America, Premier Center Bank, and individual Jenet Suh (collectively "Defendants"). Plaintiff initially filed his lawsuit in Los Angeles Superior Court on October 16, 2006. (Complaint, p. 1). Plaintiff then filed a First Amended Complaint ("FAC") on December 8, 2006. (FAC, p. 1). On March 2, 2007, Capital One removed the action to this Court. (Notice of Removal, p. 1). On June 12, 2007, the Court granted Capital One's Motion for a More Definite Statement, ordering Plaintiff to file a Second Amended Complaint ("SAC") that more clearly indicates (1) the facts that show each Defendant's wrongful actions that give rise to any cause of action Plaintiff brings, and (2) each cause of action that Plaintiff brings and the statute(s) that support it. (June 12 Order, p. 5). Plaintiff filed his SAC on June 22, 2007.

Plaintiff's SAC alleges that between January 4, 2007 and March 1, 2007, Plaintiff applied for and was denied credit by various lenders. (SAC, ¶ 8). Plaintiff alleges that the denials were due to "negative credits records." Id. at 9. Credit reports indicated that Plaintiff had made numerous late payments, held unpaid "charge-off" accounts, and owed a money judgment to the various Defendants. Id. at ¶ 10(a)-(f)

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 8 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 07-1415 PSG (AJWx)                               Date   August 20, 2007

Title   Lee v. Merrick Bank, et al.

(mistakenly labeled as ¶ 9). Plaintiff argues that the negative credit reports are erroneous, claiming he "never had . . . such accounts" with many of the Defendants. Id. Plaintiff alleges that his attempts to resolve the matter with Defendants have been ignored and that Defendants continue to harass him and his family by sending collection agencies to Plaintiff's home and work. Id. at ¶ 10.

Plaintiff asserts a cause of action for "Unfair Debt Collection Practice Against All Defendants." Id. at 5:23-24. Specifically, Plaintiff cites several statutes, including the federal Fair Credit Reporting Act, federal Fair Debt Collection Practices Act, and their state counterparts, as grounds for relief. Capital One now brings this motion to dismiss Plaintiff's SAC pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court GRANTS Capital One's motion to dismiss.

II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure ("FRCP") 12(b)(6), allows a party to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a). Although detailed factual allegations are unnecessary, a claimant's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007). The complaint must allege sufficient facts to raise a right to relief above a speculative level. Id. In evaluating the sufficiency of a complaint under FRCP 12(b)(6), a court must accept as true all factual allegations in the complaint, and view all allegations in the light most favorable to the claimant. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Dismissal is proper if the complaint fails to allege either a cognizable legal theory or sufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Where, as here, a plaintiff proceeds *pro se*, the Court has an obligation to construe his complaint liberally. Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints."). Indeed, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). However, "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled." Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (citing Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-1415 PSG (AJWx) | Date | August 20, 2007 |
| Title | Lee v. Merrick Bank, et al. | | |

### III   DISCUSSION

**A.   Plaintiff's failure to properly oppose the motion is grounds for dismissal.**

Plaintiff has again failed to properly oppose Defendant's motion as required by the local rules of this district. Under Local Rule ("L.R.") 7-9:

> "[e]ach opposing party shall . . . not later than fourteen (14) days before the date designated for the hearing of the motion . . . serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto . . . or (b) a written statement that the party will not oppose the motion."

The hearing for this motion is scheduled for August 6, 2007, and the opposition was due on July 23, 2007. The Court received Plaintiff's Opposition to Defendant's motion to dismiss Plaintiff's Second Amended Complaint ("SAC") on July 27, 2007.

This is the second time Plaintiff has failed to properly oppose Defendant's motion. The first time, Plaintiff served its opposition to Defendant's motion to dismiss Plaintiff's First Amendment Complaint ("FAC") on Defendant directly without filing the opposition with the Court Clerk. The Court Deputy learned of Plaintiff's mistake when Defendant's reply memorandum addressed Plaintiff's unfiled opposition. In response to the Court's inquiry, Plaintiff filed a late opposition, without the Court's permission, on June 8, 2007.

Under L.R. 7-12, Plaintiff's failure to file an opposition is sufficient to grant Defendant's motion to dismiss. The rule states that "[t]he Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12. Even though Plaintiff is representing himself *pro se*, he is just as obligated to follow the local rules as any other litigant. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (stating that courts should liberally construe pro se litigants' pleadings, but such litigants are not relieved of the obligation to follow procedural rules). Since this is Plaintiff's second failure to properly oppose a motion, the Court is well within its power to grant Defendant's motion. Less than two months ago, Plaintiff was explicitly warned that "failure to file an opposition can alone be sufficient reason to grant [Defendant]'s motion to dismiss." (June 12, 2007 Order, p. 4). The current situation is the same as that before except without any showing of mistake mitigating Plaintiff's failure to follow proper court procedure.

However, even though the Court can outright grant Defendant's motion under L.R. 7-12, the Court chooses to grant Defendant's motion on its merits as discussed below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 07-1415 PSG (AJWx)                                Date   August 20, 2007

Title      Lee v. Merrick Bank, et al.

**B.    Defendant's motion to dismiss pursuant to FRCP 12(b)(6) should be granted.**

Plaintiff claims that Defendants erroneously reported credit information to various credit agencies without first attempting to resolve the matter in person. (SAC, ¶¶ 10, 16). Plaintiff asserts a cause of action for "Unfair Debt Collection Practice Against All Defendants." (SAC, p. 5:23-24). Moreover, Plaintiff's "First Claim for Relief" specifically alleges that Defendant violated: (1) 15 U.S.C. § 1681(n) and 15 U.S.C. § 1681(o) by willfully and negligently "failing to include Plaintiff's corrections in its credit file and failing to notify Plaintiffs [sic] creditors of such changes as required"; (2) 15 U.S.C. § 1681(c) by "failing to maintain reasonable compliance procedure designed to avoid violati[ng]" the Fair Credit Reporting Act; and (3) 15 U.S.C. § 1692(e) by making "false and misleading representations." (SAC, ¶ 20(a)-(d)). Plaintiff's SAC also references California Civil Code §§ 1747, 1788.13(h) and 1788.17. (SAC, ¶ 1, 6). Given Plaintiff's *pro se* status, the Court will interpret the pleadings liberally to assume Plaintiff is alleging violations of both federal and state statutes relating to Defendants' debt collection practices. See Pena, 976 F.2d at 472. Even so, the Court cannot accept Plaintiff's complaints as alleged. Plaintiff's claims have an insufficient factual and legal basis for recovery. Plaintiff's SAC must be dismissed pursuant to FRCP 12(b)(6).

**1.    Plaintiff's Fair Credit Reporting Act claims are dismissed pursuant to FRCP 12(b)(6).**

Plaintiff alleges Defendants violated the Fair Credit Reporting Act ("FCRA") codified under 15 U.S.C. § 1681 et seq. Specifically, Plaintiff claims a basis for relief under 15 U.S.C. §§ 1681, subsections (c), (n), and (o). However, for each cause of action, Plaintiff fails to state a claim for which relief can be granted. Plaintiff's FCRA claims will therefore be dismissed.

*A.    Plaintiff fails to state sufficient facts to support a cause of action under 15 U.S.C. § 1681c.*

Plaintiff claims Defendants violated 15 U.S.C. § 1681c by failing "to maintain compliance procedure to avoid violating FCRA," without specifying which compliance procedures were lacking. Under 15 U.S.C. § 1681c, violations could entail conduct as diverse as failing to truncate credit card numbers or inappropriately reporting bankruptcy information on credit reports. 15 U.S.C. § 1681c(a); 15 U.S.C. § 1681c(g). Plaintiff's factual allegations fail to specify, from this wide spectrum, the actions which constitute the violation to which Defendants are expected to respond. Furthermore, the statutory provisions that best fit Plaintiff's general allegations only prevent consumer reporting agencies from reporting adverse information which antedate the report by some number of years. See 15 U.S.C. § 1681c(a). Plaintiff makes no claims about the length of time adverse credit information antedated any reports to credit agencies, or even when such reports or defaults leading to the reports occurred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 07-1415 PSG (AJWx)                          Date   August 20, 2007

Title   Lee v. Merrick Bank, et al.

Plaintiff offers no facts beyond "labels and conclusions," and this "formulaic recitation of the elements of a cause of action" will not satisfy the minimal pleading requirements. Bell Atl. Corp., 127 S. Ct. at 1965. The alleged failure "to maintain compliance procedure" is a conclusory statement unsupported by any facts in Plaintiff's SAC. Defendants cannot know when or how they violated the statute, and are left in the unenviable position of having to plead based on speculation as to what Plaintiff meant. Even under a liberal reading of *pro se* Plaintiff's SAC, Plaintiff's 15 U.S.C. § 1681c claim must be dismissed for failure to state sufficient facts. See Balistreri, 901 F.2d at 699.

**B.   *15 U.S.C. §§ 1681n and o are not cognizable legal bases for a cause of action.***

Plaintiff further alleges a right to relief under the FCRA based on 15 U.S.C. §§ 1681n and o. However, Plaintiff fails to state a cognizable legal basis for recovery under these statutes. For a claim to be sufficient under 15 U.S.C. §§ 1681n and o, a complaint must allege that a person negligently or willfully "fail[ed] to comply with any requirement imposed under this title [15 U.S.C. §§ 1681 et seq.]." Although Plaintiff alleges Defendants "fail[ed] to include Plaintiff's corrections in its credit file and fail[ed] to notify Plaintiffs [sic] creditors of such changes as required by the Act," Plaintiff fails to identify which subsection of 15 U.S.C. § 1681 was violated by these actions, giving rise to a cause of action under 15 U.S.C. §§ 1681n and o.

Assuming Plaintiff is asserting a violation of 15 U.S.C. § 1681s-2 as the grounds for recovery under 15 U.S.C. § 1681s-2, Plaintiff still lacks a valid cause of action. Under 15 U.S.C. § 1681s-2, a plaintiff must allege that the creditor failed to conduct a reasonable investigation into a credit report in response to a notice of dispute from *a credit bureau*. See 15 U.S.C. § 1681s-2(b)(1); 15 U.S.C. § 1681i(a)(2). The closest Plaintiff gets to alleging that Defendants had notice from a credit bureau is that he personally "called and spoke to the various creditors" about his dispute. (SAC, ¶ 11). Plaintiff's unofficial complaints do not suffice to give Defendants official notice under 15 U.S.C. § 1681s-2. Since Plaintiff never alleges that the Defendant creditors received notice from any credit bureau, Plaintiff has not stated a valid claim under 15 U.S.C. § 1681s-2. In turn, since there is no cognizable violation of the FCRA to form a basis of liability under 15 U.S.C. §§ 1681n and o, the claims will be dismissed pursuant to FRCP 12(b)(6). See 15 U.S.C. §§ 1681n and o.

**2.   Plaintiff's state claims are preempted by the FCRA.**

Plaintiff also seems to allege a violation of various state statutes, including California Civil Code § 1788 et seq., and § 1747--the California Fair Debt Collection Practices Act ("FDCPA"), and Song-Beverly Credit Card Act ("SBCCA"), respectively. (SAC, ¶¶ 1, 18). However, the FCRA preempts such state actions insofar as they relate to parties reporting information to credit reporting agencies. 15 U.S.C. § 1681t(b)(1)(F)(ii) ("No requirement or prohibition may be imposed under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 07-1415 PSG (AJWx)                                Date   August 20, 2007

Title   Lee v. Merrick Bank, et al.

laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."). Parties are not allowed to bring state claims overlapping with 15 U.S.C. § 1681s-2. Id.

Both state claims overlap with 15 U.S.C. § 1681s-2. The California FDCPA prohibits debt collectors from attempting to collect debt by "[t]he false representation that collection letters, notices or other printed forms are being sent by or on behalf of a claim, credit, audit or legal department." Cal, Civ. Code § 1788.13(h). From Plaintiff's SAC, the only potential "false representation" claim is from information allegedly shared by Defendants with credit agencies. Similarly, the SBCCA prohibits creditors from "knowingly give any untrue credit information to any other person concerning a cardholder." Cal. Civ. Code § 1747.70. The only allegation Plaintiff makes in relation to his SBCCA claim is that Defendant negligently made a false and misleading statement about Plaintiff's creditworthiness to the various credit reporting agencies. (SAC, ¶ 1). Both claims directly "relat[e] to the responsibilities of persons who furnish information to consumer reporting agencies" and are preempted by 15 U.S.C. § 1681s-2. See 15 U.S.C. § 1681t(b)(1)(F)(ii). Therefore, Plaintiff's state claims cannot form a legal basis for relief and must be dismissed with prejudice.

3.  **Plaintiff's federal Fair Debt Collection Practices Act claims do not apply to Defendants.**

Plaintiff further asserts a cause of action under the federal Fair Debt Collection Practices Act ("FDCPA"). Specifically, Plaintiff alleges Defendants violated 15 U.S.C. § 1692e, which prohibits debt collectors from make false, deceptive, or misleading representations in connection with the collection of any debt.[1] 15 U.S.C. § 1692e(2)(A). However, the FDCPA is not a cognizable legal ground for relief in this case. The FDCPA only applies to debt collectors "who regularly collect[ ] or attempt[ ] to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another.*" 15 U.S.C. § 1692a(6)

---

[1] It is unclear whether Plaintiff also asserts a claim under 15 U.S.C. § 1692 g. (SAC, ¶ 20(d) ("Defendants violated 15 U.S.C. Section 1692 e,g . . ."). The claim appears to be a typographical error since in the same paragraph, Plaintiff separated out his 15 U.S.C. § 1681 n and o claims, even though those sections are substantially more similar than 15 U.S.C. § 1692 g and e. Furthermore, the factual assertion directly following the claim only makes reference to "false and misleading representations," which only relate to the 15 U.S.C. § 1692e claim and have no relevance to 15 U.S.C. § 1692g. Id. In any case, if Plaintiff is asserting a 15 U.S.C. § 1692g claim, it is dismissed for failure to state any facts necessary to establish a claim that Defendants failed to give notice validating the debt. 15 U.S.C. § 1692g. Furthermore, the statute, like 15 U.S.C. § 1692e, does not apply since Defendants are not "debt collectors" for purposes of the federal FDCPA. See infra, p. 9-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-1415 PSG (AJWx) | Date | August 20, 2007 |
| Title | Lee v. Merrick Bank, et al. | | |

(emphasis added). Creditors collecting their own debts fall outside the reach of the FDCPA. See Aubert v. Am. Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998); Peterson v. Wells Fargo Bank, N.A., No. CV-99-6389 REC/SMS, 2000 U.S. Dist. LEXIS 18372, at *18-19 (E.D. Cal. 2000). Courts have explicitly found that banks attempting to collect debts on their own behalf are not debt collectors under 15 U.S.C. § 1692. See Davis v. Dillard Nat'l Bank, No. 1:02CV00546, 2003 U.S. Dist. LEXIS 9420, at *11 (M.D. N.C. 2003); Thomasson v. Bank One, Louisiana, N.A., 137 F. Supp. 2d 721, 724 (E.D. La. 2001); Meads v. Citicorp Credit Servs., Inc., 686 F. Supp. 330, 333 (S.D. Ga. 1988).

Plaintiff is not suing any of the debt collection agencies he claims Defendants have hired, who might be amenable to suit under the FDCPA. (Opp'n, p. 2:12-21). Plaintiff only alleges unfair debt collection practices against Defendant banks and individual Jenet Suh [sic] with respect to debts Plaintiff owes, and not debts belonging to third parties. (SAC, ¶¶ 3-7). Since Defendants do not collect debts on behalf of others, Defendant banks are not, and cannot be, "debt collectors" for purposes of the FDCPA. Defendant Suh, likewise, is only attempting to collect debt owed to her by Plaintiff, stemming from a money judgment entered in Los Angeles Superior Court, and is not a "debt collector" for purposes of the FDCPA. (SAC, ¶ 10(f)). Since the FDCPA is not applicable to any of the Defendants, the claim is dismissed.

**C.  Plaintiff's claims are dismissed with prejudice.**

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. FRCP 15(a) provides for the amendment of pleadings by leave of court and notes that such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, several factors serve to limit a court's liberality in granting leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the nonmoving party; (4) futility of amendment, and (5) previous opportunities to amend the complaint. Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989). *Pro se* litigants are generally also entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). This does not mean, however, that the court must act as legal advisor to the *pro se* litigant, but only that the court must "draft a few sentences explaining the deficiencies." Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987).

Plaintiff has already had previous opportunities to amend his complaint with an explanation as to the salient deficiencies. On June 12, 2007, the Court issued an order granting Defendant's motion for a more definite statement. Specifically, the Court ordered Plaintiff to "file a Second Amended Complaint that more clearly indicates (1) the facts that show each Defendant's wrongful actions that give rise to any cause of action Plaintiff brings, and (2) each cause of action that Plaintiff brings and the statute(s) that support it." (June 12 Order, p. 5). The order provided the *pro se* litigant with notice of both the factual

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-1415 PSG (AJWx) | Date | August 20, 2007 |
| Title | Lee v. Merrick Bank, et al. | | |

and legal deficiencies of his FAC, as required before outright dismissal.[2] See Lucas, 66 F.3d at 248. Since Plaintiff failed to cure the demonstrated deficiencies in Plaintiff's FAC, the Court dismisses Plaintiff's SAC with prejudice. See Ascon Properties, Inc., 866 F.2d at 1161.

IV.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's motion to dismiss Plaintiff's SAC pursuant to FRCP 12(b)(6). Plaintiff's SAC is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Initials of Preparer

---

[2] Even though the order did not specify the exact faults as to each of Plaintiff's statutory bases of relief, amendment would be futile and therefore, should not be allowed. See Ascon Properties, Inc., 866 F.2d at 1161. Plaintiff's state claims are preempted by the federal FCRA and are unsalvageable. Furthermore, Plaintiff's FDCPA claim is not a cognizable basis for recovery since none of the Defendants are "debt collectors" for purposes of the statute. They cannot later be alleged to be debt collectors without contradicting the SAC, which alleges Defendants were only trying to collect debts owed to them. See Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988) (stating that if "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, then . . . dismissal without leave to amend is proper"). The FCRA claim, dismissed for lack of factual specificity, is properly dismissed with prejudice since the June 12, 2007 order clearly advised Plaintiff of the need for clear factual allegations.